**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES SANCHO, individually and on behalf of other individuals similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>VULCAN MATERIALS COMPANY, New Jersey corporation,<br><br>            Defendant. | Case No.: 1:20-cv-00898-NONE-JLT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE; FINDINGS AND RECOMMENDATION TO DISMISS CLASS CLAIMS WITHOUT PREJUDICE; ORDER DENYING AS MOOT MOTION TO FILE A REPLY (Doc. 28) |

      The Court ordered the plaintiff to show cause why the class allegations should not be dismissed without prejudice, due to the failure to seek class certification. (Doc. 26) The plaintiff has responded and agrees that the class allegations should be dismissed without prejudice (Doc. 27 at 3)

**I.    The class allegations should be dismissed**

      On September 17, 2021, the Court issued a scheduling order requiring the motion for class certification to be filed no later than February 25, 2021 (Doc. 10 at 4) On February 26, 2021, the plaintiff sought an amendment to the case schedule to extend the deadline for filing the motion for class certification to June 17, 2021 (Doc. 20). Counsel explained that in mid-January 2021, once the parties set the matter for mediation, he overlooked the deadline for filing the motion for class certification. Id. at 4. Likewise, he decided to postpone discovery that would support the motion. Id. The Court denied the motion, finding that the setting of the matter for mediation, mere weeks before

1

the deadline to file the motion for class certification did not explain the failure to conduct discovery to flesh out the class allegations or to file the class certification motion. (Doc. 23) After this, the plaintiff has made no effort to advance the cause of the putative class or to dismiss the class allegations. Thus, the Court ordered the plaintiff to show cause why the class allegations should not be dismissed. (Doc. 26) He responded and agreed that the allegations should be dismissed and requested the matter to be remanded to state court. (Doc. 27)

The Local Rules also provide that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Thus, the Court recommends that the class allegations be dismissed without prejudice.[1]

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The defense may reply to the objections within seven days thereafter.

///

///

///

---

[1] The plaintiff may file a motion to remand the matter, if he believes such a motion is warranted. The Court declines to consider the informal request without a formal motion and proper notice. Consequently, the request of the defense to file a reply (Doc. 28) is **DENIED** as **MOOT**.

The plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 14, 2021**  **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE